IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKISHA STEWART #10219-035, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1592 |
| | § | |
| UNITED STATES | § | |
| BUREAU OF PRISONS, | § | |
| | § | |
| Respondent.[1] | § | |

**MEMORANDUM AND ORDER ON DISMISSAL**

Federal prisoner Lakisha Stewart has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of her sentence. She has also filed a memorandum in support of her petition. After considering all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

**I.    DISCUSSION**

According to the pleadings, Stewart was convicted in the United States District Court for the Western District of Louisiana of conspiracy to possess with intent to distribute cocaine base or "crack." As a result, the district court sentenced Stewart to serve 135 months in federal prison. Stewart does not challenge her underlying conviction or sentence. Instead,

---

[1] The petition lists the United States of America as the respondent. Because the petitioner is in custody at the Federal Prison Camp at Bryan, Texas, the Court substitutes the United States Bureau of Prisons as the proper respondent.

she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the respondent's method of computing good time credits under 18 U.S.C. § 3624(b).

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A § 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting the length of its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Because the petitioner is in custody at the nearby Federal Prison Camp in Bryan, Texas, this Court has jurisdiction over her petition.

The dispute in this case depends on whether the United States Bureau of Prisons (the "BOP") is required to calculate the amount of good time credit earned based on the term of imprisonment imposed or based on the term of imprisonment actually served. Good time credit calculations for prisoners incarcerated in the BOP are governed by 18 U.S.C. § 3624(b). This statute authorizes an award of good time credit towards the service of a sentence in the amount of "up to 54 days at the end of each year of the prisoner's *term of imprisonment* . . . ."[2] Regulations governing the manner in which the BOP calculates good

---

[2] The pertinent part of 18 U.S.C. § 3624(b)(1) provides as follows:

> . . . [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

time credits dictate that, under this statute, "an inmate earns 54 days credit toward service of sentence (good conduct time credit) *for each year served*." 28 C.F.R. § 523.20 (2004) (emphasis added). By awarding good time credit based on each year served, the BOP utilizes a formula which takes into account the fact that an inmate's actual time served decreases incrementally each year as she is awarded good time credit. *See White v. Scibana*, 390 F.3d 997, 999-1000 (7th Cir. 2004) (explaining the BOP's good time computation formula).

The petitioner maintains that the plain language of 18 U.S.C. § 3624(b) requires calculation of good time credits based on the "term of imprisonment" fixed by the sentencing judge, and not on the amount of time served as provided in the BOP's regulation. The petitioner argues that, by calculating good time credit based on the amount of time served rather than the length of sentence actually imposed, the computation of her sentence will result in a good time credit shortfall of 237 days. Specifically, the petitioner presents a mathematical equation which demonstrates that she would be entitled to 760 days of good time credit if the calculation were based on each year of her "term of imprisonment" as *imposed* by the sentencing judge. By contrast, if calculated under the BOP's regulation governing good time computation based on each year *served*, she will receive only 529 days of good time credit.

The United States Court of Appeals for the Fifth Circuit has not yet determined whether 18 U.S.C. § 3624(b) creates a constitutionally protected interest in good time credits. Assuming that it does, and assuming further that the petitioner's claims are ripe for review,

the claims presented in the petition are foreclosed by a recent published opinion from the Fifth Circuit. In *Sample v. Morrison*, — F.3d —, 2005 WL 775816 (5th Cir. March 22, 2005), the Fifth Circuit rejected the precise argument advanced by the petitioner, holding that good time credit is properly awarded under § 3624(b) based on the term of imprisonment actually served:

> It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit is thus not awarded in advance, and any entitlement to such credit for future years is speculative at best.

*Id*. at *2 (emphasis in original). The Fifth Circuit further held that, even if the statute could be construed as ambiguous, the BOP's interpretation was reasonable and therefore entitled to deference under *Chevron U.S.A, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *See id.* In so holding, the Fifth Circuit agreed with conclusions reached by two other circuit courts of appeal interpreting the same statute.[3] *See id*. (citing *White v. Scibana*,

---

[3] Other district courts in the Fifth Circuit have reached the same result. *See Phillips v. Jeter*, No. 4:04-CV-921-Y, 2005 WL 975529 (N.D. Tex. April 26, 2005); *Pollard v. Van Buren*, No. 4:04-CV-642-A, 2004 WL 2645548, (N.D. Tex. Nov. 18, 2004); *Belasco v. Bidden*, No. 1:03-CV-165-C, 2004 WL 2381248, (N.D. Tex. Oct. 22, 2004); *Esposito v. Federal Bureau of Prisons*, No. 3:04-CV-2686-P, 2005 WL 525206 (N.D. Tex. March 3, 2005), recommendation adopted, (N.D. Tex. April 8, 2005); *Geis v. Bureau of Prisons*, No. 3:04-CV-2737-M, 2005 WL 525174 (N.D. Tex. March 3, 2005), recommendation adopted, (N.D. Tex. April 6, 2005); *Owens v. Joslin*, No. 3:05-CV-391-N, 2005 WL 659043 (N.D. Tex. March 21, 2005), recommendation adopted, (N.D. Tex. April 6, 2005); *Kenemore v. Jeter*, 4:04-CV-749-D, 2005 WL 474297, (N.D. Tex. Feb. 28, 2005), recommendation adopted, (March 30, 2005); *Martinez v. Wendt*, No.3:03-CV-826-L, 2003 WL 22456808, (N.D.Tex. Oct.24, 2003), report and recommendation adopted, 2003 WL 22724755 (N.D.Tex. Nov.18, 2003). Only one court in the Southern District has reached the opposite conclusion. *See Moreland v. Bureau of Prisons*, No. H-04-3658 (S.D. Tex.), report and recommendation adopted, (S.D. Tex. March 31, 2005).

4

390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheo-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2003)). Other circuits to address this issue have also reached the same result. *See O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005) (upholding the BOP's policy of calculating good time credits based on time served); *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005) (reaching the same conclusion). Because the issue presented has been resolved against the petitioner by settled precedent in this circuit, this Court concludes that the pending habeas corpus petition must be denied.

## II.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS**:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **May 9, 2005**.

_____
Nancy F. Atlas
United States District Judge